# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| COREY HOUSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV419-037 |
| KILOLO KAJAKAZI,[1] | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Corey Housey seeks judicial review of the Social Security Administration (SSA)'s denial of his applications for a period of disability, disability insurance benefits, and Supplemental Security Income (SSI) benefits.

## I.    GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate

---

[1]   Kilolo Kajakazi is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014);

*see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019)

("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It

means—and means only—'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" (citations omitted)).

The burden of proving disability lies with the claimant. *Moore v.*

*Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

. . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id*. § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her past relevant work. *Id*.

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do

§ 404.1520(a)(4)(iv).   If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience.   An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II.   BACKGROUND

In 2015, plaintiff applied for a period of disability and disability insurance benefits and also applied for supplemental security income. *See* Tr. 15.   In both applications, he alleged disability beginning October 31, 2014.   *See id.*   His claims were initially denied in November 2015 and denied upon reconsideration in April 2016.   *See id.*   He requested a hearing and appeared before ALJ Linda Diane Taylor.   *Id.*   The ALJ issued an unfavorable determination on June 21, 2018.   Tr. 15-27.   The Appeals Council denied his request for review.   Tr. 1-6.

---

despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented.   In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

Plaintiff was thirty-five years old when he alleges he became disabled. Tr. 229. He has a high school (12th grade) education and received vocational training through Goodwill Industries. Tr. 39-40. He has a full scale IQ score of 67, measured in 2014. Tr. 376. At the time of the hearing, Housey was employed, working approximately twenty hours per week at a restaurant cleaning restrooms and peeling shrimp and potatoes. Tr. 40-41.

After a hearing, the ALJ found that Housey's was not disabled. Tr. 26-27. At step one, she found that he had not engaged in substantial gainful activity since he allegedly became disabled. Tr. 17. At step two, she found that his mild rotary dextroscoliosis, osteoarthrosis, organic mental disorder (educable mentally disabled), and obesity constituted severe impairments. Tr. 17-18. She found, however, that he did not have an impairment or combination of impairments that meets or medically equals a listing. Tr. 18-21. Based on the evidence of record, the ALJ found that Housey retained the RFC for light work, except that:

> he can occasionally climb stairs and ramps; as well as occasionally climb ladders, ropes and scaffolds, stoop and crawl. [He] can frequently balance, kneel and crouch. He must avoid

concentrated exposure to hazards.   [He] is able to perform and sustain simple, routine, repetitive tasks.

Tr. 21.   At step four, she concluded that Housey was capable of performing his past relevant work as a cook helper.   Tr. 25. Alternatively, the ALJ concluded that Housey could adjust to other work, including small parts assembler, laundry folder, and inspector and hand packager, that exists in significant numbers in the national economy.   Tr. 25-26.   Based on the determination that Housey was capable of performing past relevant work or making an adjustment to other work, the ALJ concluded he was not disabled.   Tr 26.

## III.  ANALYSIS

Plaintiff's only argument is that the ALJ erred by failing to sufficiently consider whether Housey's impairment met or equaled Listing 12.05B.   *See* doc. 19 at 5-7.   "Intellectual disorder," as defined by Listing 12.05B, refers to "significantly subaverage general intellectual functioning," evidenced by either a full scale IQ score of 70 or below or a full scale IQ score of between 71-75 accompanied by a verbal or performance IQ score of 70 or below, and "significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two," of four enumerated "areas of mental functioning."   20

C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B(1)-(2)[3]; *see also, e.g., Pinckney v. Comm'r of Soc. Sec.*, 853 F. App'x 347, 349 (11th Cir. 2021) (discussing the criteria for satisfaction of Listing 12.05B).   The Listing also requires evidence supporting the conclusion "that the disorder began prior to [the claimant's] attainment of age 22."   20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B(3).

The parties do not dispute that Housey's Full Scale IQ score of 67 satisfies the Listing.   *See* doc. 19 at 6; doc. 20 at 8 ("the ALJ acknowledged that Plaintiff obtained a full scale IQ score of 67 on intelligence testing").   Although the Commissioner's brief does not address the issue, Plaintiff's brief contends, and the record supports, that "school records" supply the evidence required by subsection 12.05B(3). *See* doc. 19 at 6; *see also*, *e.g.,* Tr. 348-373.   Plaintiff also concedes that the ALJ discussed the four "areas of mental functioning," enumerated in subsection 12.05B(2), but objects that "[i]t is unclear if the four areas were given much thought."   Doc. 19 at 7.

---

[3]   Effective January 17, 2017, the Commissioner published revised rules for evaluating claims involving mental disorders.   *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66,138 (Sept. 26, 2016).   As the Commissioner points out, and Housey does not dispute, the ALJ properly applied the revised rules to plaintiff's claim.   *See* doc. 20 at 8.

The Eleventh Circuit has explained the process the ALJ is required to follow in analyzing the "areas of mental functioning" under the Listing:

> Understanding, remembering, or applying information refers to the claimant's abilities to learn, recall, and use information to perform work activities, e.g., understanding and learning terms, instructions, and procedures; following one- or two-step oral instructions to carry out a task; and describing work activity to someone else.   [20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(E)]. Interacting with others refers to the claimant's abilities to relate to and work with supervisors, co-workers, and the public, e.g., cooperating with others, asking for help when needed, initiating or sustaining conversation, and understanding and responding to social cues.   *Id.*   Concentrating, persisting, or maintaining pace refers to the claimant's abilities to focus attention on work activities and stay on task at a sustained rate, e.g. initiating and performing a task, completing tasks in a timely manner, and sustaining an ordinary routine and regular attendance at work. *Id.*   Finally, adapting or managing oneself refers to the claimant's abilities to regulate emotions, control behavior, and maintain well-being in a work setting, e.g. responding to demands, making plans independently of others, and maintaining personal hygiene and attire appropriate to a work setting.   *Id.*

> The effects of a claimant's mental disorder, and the degree of a claimant's limitations, are evaluated 'based on a five-point rating scale consisting of none, mild, moderate, marked, and extreme limitation."   *Id.* § 12.00(F)(2).

*Pickney*, 853 F. App'x at 350.

Whether or not "the four areas were given much thought," doc. 19 at 7, it is clear that her conclusion that plaintiff did not have "significant deficits in adaptive functioning," based on limitations in the enumerated

areas of mental functioning, was supported by substantial evidence. The ALJ concluded, based on the report of plaintiff's 2014 psychological examination, that plaintiff had no limitation in understanding, remembering, or applying information; mild limitation in interacting with others; moderate limitation concentrating, persisting, or maintaining pace; and no limitation adapting or managing himself.   Tr. 20.

The ALJ based her conclusion that Housey had not shown "significant deficits" in the four areas of mental functioning on the fact that he "is able to bathe and dress himself, work part-time, drive, do household chores, attend church, go fishing, visit with a friend, attend AA, and watch television."   *See* Tr. 20.   Given the Court of Appeals' explanation of the areas of mental functioning in *Pinckney*, it is clear that the ALJ had, at least, substantial evidence for her conclusion.   The ability to drive, work part-time, and do household chores, evidences Housey's ability to "understand[ ] and learn[ ] terms, instructions, and procedures . . . ."   *Pickney*, 853 F. App'x at 350.   His ability to work part-time, attend church, visit his friend, and attend AA evidences his ability to "cooperat[e] with others, asking for help when needed, initiat[e] or

sustain[ ] conversation, and understand[ ] and respond[ ] to social cues." *Id.* The ability to work part-time, do household chores, go fishing, and watch television evidence his ability to "initiat[e] and perform[ ] a task, complet[e] tasks in a timely manner, and sustain[ ] an ordinary routine and regular attendance at work." *Id.* Finally, his ability to bathe and dress himself, work part-time, drive, and do household chores evidences his ability to "respond[ ] to demands, mak[e] plans independently of others, and maintain[ ] personal hygiene and attire appropriate to a work setting." *Id.* Even if plaintiff, or indeed the Court, might wish for a more through explanation of the ALJ's conclusion, the Court cannot "substitute [its] judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178.

Having reviewed the evidence and the ALJ's discussion, the Court finds no error in the ALJ's step three assessment of Housey's intellectual functioning. Substantial evidence supports the ALJ's finding, based on an extensive review of the record, that plaintiff did not demonstrate "[s]ignificant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two," of the enumerated areas of mental functioning; (1) understanding

remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.   20 C.F.R. Pt. 404, Subpt. P, App. 2, § 12.05(B)(2)(a)-(d); *see also Pickney*, 853 F. App'x at 349.

## IV.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>1st</u> day of September, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA